UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN R. STOEBNER, | Case No. 14-CV-0137 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| PNY TECHNOLOGIES INC., | |
| Defendant. | |

    Ralph V. Mitchell and John R. Stoebner, LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHARTERED, for plaintiff.

    David J. Adler, McCARTER & ENGLISH, LLP; Robert T. Kugler, STINSON LEONARD STREET LLP, for defendant.

    Plaintiff John Stoebner is the trustee of the bankruptcy estates of Polaroid Corporation ("Polaroid") and its affiliated companies.  *See In re Polaroid Corp.*, Case No. 08-46617 (Bankr. D. Minn. filed Dec. 18, 2008).  Defendant PNY Technologies Inc. ("PNY") is a party to several contracts with Polaroid.  The trustee brought this adversary action against PNY seeking, among other things, royalties that PNY allegedly owes to Polaroid under a Brand Licensing Agreement ("BLA").  *John R. Stoebner, Trustee, v. PNY Techs., Inc.*, No. ADV 10-4595 (Bankr. D. Minn. filed Dec. 16, 2010).  The parties filed cross-motions for summary judgment on the trustee's claim for the royalties.

Chief United States Bankruptcy Judge Gregory F. Kishel issued a Report and Recommendation ("R&R") recommending that the Court deny PNY's motion, grant in part the trustee's motion, and enter judgment in favor of the trustee. The Court adopted the R&R, except that it deferred entry of judgment until PNY's claim for setoff—which was being litigated in the bankruptcy proceeding—could be finally determined. ECF No. 14.

After returning to the bankruptcy court, the parties stipulated to the dismissal of the remaining counts in the trustee's amended complaint against PNY. ECF No. 15-3. The trustee then sought contractual interest and attorney's fees pursuant to the BLA. On May 6, 2016, Judge Kishel issued a supplemental R&R ("Supp. R&R") recommending that the trustee recover those items. This matter is before the Court on PNY's objection to the supplemental R&R. The Court has conducted a de novo review. *See* 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d). Based on that review, the Court finds that PNY's objection is meritless. The Court therefore adopts the R&R and directs the parties to make submissions concerning the remaining amount of attorney's fees at issue.

To address PNY's arguments briefly:

First, PNY contends that the trustee is precluded from seeking attorney's fees and prejudgment interest because he did not seek such relief in his original motion. The

trustee's original motion only sought partial summary judgment, however.  *See John R. Stoebner, Trustee*, No. ADV 10-4595, ECF No. 16.  A motion for partial summary judgment, by definition, is not intended to resolve all of the movant's claims for relief.  The trustee sought both interest and attorney's fees in his amended complaint, *see id.* ECF No. 4, and he did not later waive his right to seek them by filing a motion for partial summary judgment.

Second, the Court rejects PNY's argument that the trustee's recovery of fees and interest should be reduced or denied in this proceeding because of misconduct allegedly committed by the trustee in the bankruptcy proceeding.  The Court agrees with Judge Kishel that the trustee's conduct in a separate proceeding involving a separate contract is irrelevant to the trustee's right to recover interest and fees under the contract that is involved in this proceeding.  In addition, the Court notes that PNY's own conduct in this proceeding has been far from exemplary; PNY has engaged in procedural gamesmanship that seems calculated to cause delay and asserted defenses and arguments that have bordered on the frivolous.  Even assuming that the Court has the equitable power to reduce the trustee's award of fees and interest, the Court declines to do so.

Third, PNY's objection that Judge Kishel erroneously used the Massachusetts prejudgment-interest rate instead of the Minnesota rate is both belated—as PNY did not

alert Judge Kishel to any dispute about the rate, *see* ECF No. 15-5—and nonsensical, as Judge Kishel applied the contractual rate under the BLA. *See* Supp. R&R at 5-6; *see also* Minn. Stat. § 549.09, subd. 1(b) (providing for a calculation of prejudgment interest "[e]xcept as otherwise provided by contract or allowed by law").

Fourth, PNY now contends that Judge Kishel improperly awarded some fees associated with the bankruptcy proceeding.[1] Again, however, PNY did not raise this argument before Judge Kishel and therefore cannot raise it now. *See* ECF No. 15-5; *cf. Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Setting that aside, although PNY purports to cite an appendix in support of its contention that certain of the trustee's fees were incurred in the bankruptcy proceeding, PNY did not file an appendix or any other evidentiary materials with the Court. The Court therefore rejects this argument.

Finally, the Court rejects PNY's attempt to obtain reconsideration of the Court's previous order on the trustee's motion for partial summary judgment.

The Court therefore adopts the R&R and will direct the parties to make submissions concerning the remaining attorney's fees at issue. After receiving those submissions, the Court will enter judgment in the trustee's favor.

---

[1] PNY does not specify the amount at issue, but it would appear to be minuscule. *See* ECF No. 15-2 at 5 n.15.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court ADOPTS the May 6, 2016 Supplemental Report and Recommendation of Chief United States Bankruptcy Judge Gregory F. Kishel.

2. No later than 14 days from the date of this order, the trustee must submit a declaration and supporting materials regarding the attorney's fees that he has incurred in enforcing the BLA since December 9, 2015.

3. No later than 28 days from the date of this order, PNY may submit a memorandum of no more than 1,500 words detailing any objection it may have to:

    a. the trustee's claim for $25,744.50 in attorney's fees for the period September 1, 2015 to December 9, 2015, *see* ECF No. 16 at 12-17; and

    b. the trustee's claim for fees submitted under ¶ 2 of this order.

4. Any objection submitted under ¶ 3 of this order must be limited to arguments concerning the amount of the fees; PNY is directed not to raise any other arguments, including arguments that the Court has already considered and rejected.

Dated: July 28, 2016         s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge