UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

―――――――――――――――――――――――――――――――――――――

JOHN R. STOEBNER,                                    Case No. 14-CV-0137 (PJS)

          Plaintiff,

v.                                                                    ORDER

PNY TECHNOLOGIES INC.,

          Defendant.

―――――――――――――――――――――――――――――――――――――

      Ralph V. Mitchell and John R. Stoebner, LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHARTERED, for plaintiff.

      David J. Adler, McCARTER & ENGLISH, LLP; Robert T. Kugler, STINSON LEONARD STREET LLP, for defendant.

      Plaintiff John Stoebner is the trustee of the bankruptcy estates of Polaroid Corporation ("Polaroid") and its affiliated companies.  *See In re Polaroid Corp.*, Case No. 08-46617 (Bankr. D. Minn. filed Dec. 18, 2008).  Defendant PNY Technologies Inc. ("PNY") is a party to several contracts with Polaroid.  The trustee brought this adversary action against PNY seeking, among other things, royalties that PNY allegedly owes to Polaroid under a Brand Licensing Agreement ("BLA").  *John R. Stoebner, Trustee, v. PNY Techs., Inc.*, No. ADV 10-4595 (Bankr. D. Minn. filed Dec. 16, 2010).  The parties filed cross-motions for summary judgment on the trustee's claim for the royalties.

Then-Chief United States Bankruptcy Judge Gregory F. Kishel issued a Report and Recommendation ("R&R") recommending that the Court deny PNY's motion, grant in part the trustee's motion, and enter judgment in favor of the trustee. The Court adopted the R&R, except that it deferred entry of judgment until PNY's claim for setoff—which was being litigated in the bankruptcy proceeding—could be finally determined. ECF No. 14.

After returning to the bankruptcy court, the parties stipulated to the dismissal of the remaining counts in the trustee's amended complaint against PNY. ECF No. 15-3. The trustee then sought contractual interest and attorney's fees pursuant to the BLA. On May 6, 2016, Judge Kishel issued a supplemental R&R recommending that the trustee recover those items. ECF No. 15-1. Judge Kishel also recommended that the Court enter judgment in the trustee's favor. ECF No. 15-1 at 14-15.

The Court overruled PNY's objection to the supplemental R&R and directed the parties to make submissions concerning the final calculation of attorney's fees. ECF No. 17 at 5. The Court also informed the parties that, after receiving these submissions, the Court would enter judgment in the trustee's favor. ECF No. 17 at 4. The trustee responded with documentation of his attorney's fees; PNY did not respond. Consequently, the Court entered judgment in the trustee's favor in the amount of

$975,146.37.  ECF No. 21.  This amount reflects a setoff of $41,923.57, which is the amount of PNY's claim that Judge Kishel allowed in the bankruptcy proceeding.

This matter is before the Court on PNY's Fed. R. Civ. P. 59 motions to alter or amend the judgment or, in the alternative, for a new trial.  PNY now contends that the Court should not have entered judgment because the amount of its claim in the bankruptcy proceeding is currently on appeal before Chief Judge John R. Tunheim.  *See PNY Techs. Inc. v. Polaroid Corp.*, No. 16-CV-1357 (JRT) (appeal docketed May 19, 2016).  PNY asks that the Court vacate its judgment and await the final determination of the setoff amount or, in the alternative, grant a new trial on its claim in the bankruptcy proceeding.

The Court is obviously not going to usurp Judge Tunheim's authority over the pending bankruptcy appeal by granting a new trial in that case.  PNY's motion for a new trial is therefore denied.  With respect to PNY's motion to alter or amend the judgment:  The Court presumed that, after it alerted the parties that it intended to enter judgment, PNY's silence indicated that PNY preferred to avoid incurring additional prejudgment interest at a rate of over $4,700 per month.  *See* ECF No. 15-1 at 6.  As that is apparently not the case, the Court would be inclined to vacate the judgment and hold this case in abeyance until the final determination of PNY's setoff amount.[1]  The Court

---

[1]To clarify:  The Court would not await the outcome of any appeal to the United

(continued...)

therefore asks that the trustee file a memorandum indicating whether it has any

objection to this proposed course of action.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY

ORDERED THAT:

1.      Defendant's Fed. R. Civ. P. 59(a) motion for a new trial [ECF No. 25] is

DENIED.

2.      No later than Friday, October 14, 2016, plaintiff must file a memorandum

of no more than 3,000 words indicating whether it has any objection to the

Court vacating the judgment and holding this case in abeyance pending a

final determination of the setoff amount.


Dated: September 30, 2016                s/Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge


---

[1](...continued)
States Court of Appeals for the Eighth Circuit.  Instead, the Court would enter
judgment at the final conclusion of proceedings either in the District Court or the
bankruptcy court (if there are additional proceedings in the bankruptcy court and no
further appeal is filed).